UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JONATHAN D. WILLIAMS, | : | |
| Petitioner, | : | Civ. No. 18-14964 (PGS) |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | **OPINION** |
| Respondents. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Jonathan D. Williams ("Petitioner" or "Williams"), is proceeding with petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On September 3, 2019, Respondents filed a motion to dismiss the habeas petition arguing that Petitioner failed to exhaust his state court remedies. (*See* ECF 36). For the following reasons, Respondents' motion to dismiss Petitioner's habeas petition for failure to exhaust state court remedies shall be denied as unnecessary given that this Court finds that the habeas petition is now moot.

## II. BACKGROUND

Petitioner was a pretrial detainee at the time his filed this habeas petition in 2018. At the time, he was awaiting trial in Mercer County, New Jersey for assault. While not the model of clarity, Petitioner asserted in his habeas petition that his right to speedy trial has been violated, that the state courts did not have jurisdiction against him and that the assault charge against him was illegal.

---

[1] On March 20, 2019, this Court reclassified Petitioner's habeas petition as one being brought under 28 U.S.C. § 2241 because he was a state pretrial detainee. (*See* ECF 25).

Ultimately, counsel was appointed to represent Petitioner in this matter. Respondents filed a motion to dismiss the habeas petition arguing that the claims were unexhausted. (*See* ECF 36). Petitioner, through his appointed counsel, filed a response in opposition to the motion to dismiss. (*See* ECF 39 & 40).

This Court conducted two telephone conferences in this case after the motion to dismiss was filed: on April 14, 2020 and another one on April 17, 2020. At the time of these calls, Petitioner had been transferred to the Essex County Correctional Facility. Petitioner, along with his counsel and Respondents' counsel, were all on the April 17, 2020 telephone conference. During that telephone conference, Petitioner admitted that he had pled guilty to the Mercer County charge. Additionally, during that telephone conference, this Court permitted Williams to speak to his appointed attorneys with respect to how he wanted to proceed in this case. Thereafter, Petitioner, through his counsel, indicated that he did not wish to voluntarily dismiss this action. (*See* ECF 54 & 55).

### III.  LEGAL STANDARD

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered against the petitioner. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975). "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States." *Duran v. Thomas*, 393 F. Appx. 3, 4 (3d Cir. 2010) (internal quotation marks and citations omitted).

### IV.  DISCUSSION

While Respondents' motion to dismiss argues that Petitioner's habeas petition should be dismissed due to lack of exhaustion, certain developments after Respondents' filed their motion

require this Court to first address whether the habeas petition is now moot as that affects this Court's habeas jurisdiction. Indeed, if a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it. *See Nextel W. Corp. v. Unity Twp.*, 282 F.3d 257, 261 (3d Cir. 2002); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

As noted *supra*, during the April 17, 2020 telephone conference, Petitioner admitted that he pled guilty to the underlying Mercer County charge in which he challenges in this § 2241 habeas petition. That guilty plea moots his § 2241 habeas petition challenging pretrial detention. *See Quarles v. Pennsylvania*, No. 13-1994, 2014 WL 99448, at *3 (E.D. Pa. Jan. 10, 2014) (citations omitted); *Padilla v. Brewington-Carr*, No. 98-661, 2002 WL 100572, at *2 (D. Del. Jan. 22, 2002). Accordingly, this Court will dismiss the habeas petition under § 2241 as moot.[2] In light of this dismissal, this Court need not analyze whether it should grant Respondents' motion to dismiss for lack of exhaustion because it is unnecessary.

V.   **CONCLUSION**

For the foregoing reasons, Petitioner's habeas petition is dismissed as moot. Respondent's motion to dismiss is denied as unnecessary. An appropriate order will be entered.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

June 16, 2020

---

[2] While Petitioner also alluded to "coram nobis" as well in his filings, such relief under "coram nobis" could only be brought by Petitioner in the state courts under these circumstances. *See, e.g.*, *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (coram nobis not available in federal court as means to attack state criminal judgment); *see also DeMudd v. Georgia*, No. 16-3346, 2016 WL 6304507, at *1 (N.D. Ga. Sept. 22, 2016) (citing *Wolfson v. Florida*, 184 F. App'x 866, 866 (11th Cir. 2006) (per curiam); *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam)) (writ of error of coram nobis not available in federal court to challenge pending state or final state criminal charges), *report and recommendation adopted by*, 2016 WL 6217133 (N.D. Ga. Oct. 25, 2016).